<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUFEMI NATHANIEL ITIOWE,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI FORT DIX,<br><br>  Respondent. | No. 25cv671 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Petitioner Olufemi Nathaniel Itiowe ("Petitioner") filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, D.E. 1 ("Petition" or "Pet."), along with an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), D.E 1-2 ("IFP Application" or "IFP App.").

Petitioner's IFP Application is deficient. Therefore, the Court will **DENY** *without prejudice* the IFP Application, **ADMINISTRATIVELY TERMINATE** this matter, and provide Petitioner with an opportunity to cure his filing fee deficiency.

**I.    ANALYSIS**

Petitioner is a federal prisoner at FCI Fort Dix who seeks calculation and application of First Step Act ("FSA") time credits by the Federal Bureau of Prisons ("BOP"). Pet. ¶ 13. There is a statutory $5 filing fee to file a habeas corpus petition. 28 U.S.C. § 1914(a). When prisoners are unable to pay the filing fee, they may file an IFP application under 28 U.S.C. § 1915(a) and Local Civil Rule 81.2. With an IFP application, a prisoner is required to submit:

> [A] certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of

>     appeal, obtained from the appropriate official of each prison at
>     which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Petitioner submitted an uncertified prison trust fund account statement. IFP App. at 3. In the space on the form for the prison official's signature, Petitioner wrote in "refused to sign." *Id.* When a petitioner's failure to comply with the statutory requirement to submit a certified copy of the prisoner's trust fund account statement is due to the prison's denial of his request, courts will excuse the non-compliance only after the petitioner submits an affidavit, under penalty of perjury, stating: (1) when his request for a certified copy of his trust fund account statement from the appropriate prison official was denied; (2) the name of the prison official who denied the request; and (3) any reasons the prison official provided for the denial. *See, e.g.*, *Barr v. Salem Cnty. Sheriff's Dep't*, No. 15-77, 2015 WL 4524379, at *2 (D.N.J. July 24, 2015).[1]

## II.  CONCLUSION

For the reasons stated above, the Court will **DENY *without prejudice*** Petitioner's IFP Application, **ADMINISTRATIVELY TERMINATE** this matter, and provide Petitioner with an opportunity to cure his filing fee deficiency and reopen this matter within **30 days**. An appropriate Order accompanies this Opinion.

Dated: March 3, 2025

                                                              *Evelyn Padin*
                                                              Evelyn Padin, U.S.D.J.

---

[1] The Court notes that Petitioner's uncertified prison trust fund account statement shows that Petitioner had more than $200 in his account on several occasions. IFP App., Attachment. If the prison account of any petitioner exceeds $200, the petitioner "shall not be considered eligible to proceed [IFP]." L. Civ. R. 81.2(c). Petitioner, therefore, may wish to pay the $5 filing fee in alternative to correcting his IFP application.